In re: Nomination Petition of     :
Caroline Turner Candidate for     :
Judge of Municipal Court,     :
First Judicial District of Pennsylvania,   :
Democratic Party     :
     :   No. 138 M.D. 2023
Objection of: Esther Jones     :   Heard:  March 20, 2023

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION
BY JUDGE FIZZANO CANNON     FILED:  March 21, 2023

Before the Court is the Petition to Set Aside Nominating Petition (Objection Petition) of Esther Jones (Objector) seeking to set aside the Nomination Petition of Caroline Turner (Candidate) to appear on the ballot in the General Primary Election to be held on May 16, 2023, as a candidate for the Democratic nomination for the office of Judge of Municipal Court, First Judicial District of Pennsylvania (Office). Objector alleges that the Nomination Petition is insufficient because it does not contain a notarized affidavit as required by Section 910 of the Election Code,[1] 25 P.S. § 2870. For the reasons that follow, the Court denies the Objection Petition.

On March 7, 2023, Candidate filed a nomination petition to be placed on the ballot for the Office in the General Primary Election (Nomination Petition). As part of the Nomination Petition, Candidate filed a candidate's affidavit that

---

[1] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600-3591.

included her signature but was not notarized. *See* Candidate's Affidavit attached as Exhibit A to the Objection Petition (Candidate's Affidavit).[2] To comply with the requirements of the Department of State, Bureau of Elections' (Department) nomination petition filing checklist for candidates,[3] Candidate also filed with her

---

[2] The Candidate's Affidavit includes the following language:

> CANDIDATE AFFIDAVIT – I do swear (or affirm) that my residence, my election district and the title of the office for which I desire to be a candidate are as specified above, that I am eligible for said office, that I will not knowingly violate any election law or any law regulating and limiting nomination and election expenses, and prohibiting corrupt practices in connection therewith; that I am aware of the provisions of Section 1626 of the Pennsylvania Election Code requiring pre-election and post-election reporting of campaign contributions and expenditures; that unless I am a candidate for Judge of a Court of Common Pleas, the Philadelphia Municipal Court or the office of school board in a district where that office is elective or the office of magisterial district judge, my name has not been presented as a candidate by nomination petitions of any other party for the same office; that if I am a candidate for any office of a political party I am a registered and enrolled member of such party; that if I am a candidate for Committee Delegate or Alternate Delegate to the National Convention the name of the candidate to whom I am committed is as indicated on my nomination petition and that my signature on the Delegate's Statement was affixed to each page of my nomination petition prior to circulation of same; that I am not a candidate for an office which I already hold, the term of which is not set to expire on the same year as the office subject to this affidavit.

Candidate's Affidavit. Below this language appears the statement "I swear (or affirm) to the above part(s) as required by the law(s) applicable to the office I am seeking[,]" with a signature line thereunder and separate lines for the prospective candidate's telephone number and county of residence. *Id.* Also below the above language is a space and appropriate blanks to be filled out for the Candidate's Affidavit to be notarized. *See id.*

[3] The Department's "'Things You Will Need' Checklist" instructs prospective candidates:

> You must file with your nomination petition a completed and notarized Candidate's Affidavit. If you are unable to obtain

2

Nomination Petition a completed and signed "CANDIDATE DECLARATION to be attached to CANDIDATE'S AFFIDAVIT where notarized statement is not available," which form she obtained from the Department's website. *See* Candidate's Declaration attached as Exhibit B to Objection Petition (Candidate's Declaration).[4] The top of the Candidate's Declaration form, which the Department

notarization for your Affidavit, an Unsworn Declaration must accompany the Affidavit.

Department Candidate Checklist, Hearing Exhibit T-1.

[4] The Candidate Declaration reads as follows:

CANDIDATE DECLARATION – I declare that my residence, my election district and the title of the office for which I desire to be a candidate are as contained in the attached document, that I am eligible for said office, that I will not knowingly violate any election law or any law regulating and limiting nomination and election expenses, and prohibiting corrupt practices in connection therewith; that I am aware of the provisions of Section 1626 of the Pennsylvania Election Code requiring pre-election and post-election reporting of campaign contributions and expenditures; that unless I am a candidate for Judge of a Court of Common Pleas, the Philadelphia Municipal Court or the office of school board in a district where that office is elective or the office of magisterial district judge, my name has not been presented as a candidate by nomination petitions of any other party for the same office; that if I am a candidate for any office of a political party I am a registered and enrolled member of such party; that if I am a candidate for Committee Delegate or Alternate Delegate to the National Convention the name of the candidate to whom I am committed is as indicated on my nomination petition and that my signature on the Delegate's Statement was affixed to each page of my nomination petition prior to circulation of same; that I am not a candidate for an office which I already hold, the term of which is not set to expire on the same year as the office subject to the accompanying affidavit.

I declare under penalty of perjury under the law of the Commonwealth of Pennsylvania that the foregoing is true and correct.

3

revised in late 2022,[5] bears the Department's logo and title with "Bureau of Elections" and the Department's phone number appearing thereunder. *See* Candidate's Declaration.

On March 14, 2023, Objector filed the Objection Petition in this Court alleging that Candidate's Nomination Petition was insufficient because the Candidate's Affidavit was not notarized and that the completed Candidate's Declaration could not serve as a replacement for a notarized Candidate's Affidavit. *See* Objection Petition at 1-2. Thereafter, Candidate executed and intended to file a replacement notarized Candidate's Affidavit, but did not do so upon being informed by another candidate who had already attempted to do so after the filing deadline that her submission would be rejected as untimely.

On March 20, 2023, the Court conducted a hearing on the Objection Petition at which Candidate testified and counsel for both sides offered extensive argument. Objector asked this Court to set aside Candidate's Nomination Petition based on the position that the unnotarized Candidate's Affidavit is the functional equivalent of no affidavit at all. Candidate, on the other hand, argued that, pursuant

---

Signed on the ___ (date) day of _____ (month), ____ (year), at _____ (county or other location, and state), _____ (country).


_____
(printed name)


_____
(signature)

Candidate Declaration.

[5] The lower left-hand corner of the Candidate's Declaration bears the notation "(rev. 12/22)". *See* Candidate's Declaration.

to the Uniform Unsworn Declarations Act (Declarations Act),[6] her unsworn Candidate's Affidavit and the accompanying Candidate's Declaration fulfilled the requirements of the Election Code. Candidate further argued that she followed the Department's direction in completing and filing her Candidate's Declaration.

Our Supreme Court has explained that

> in considering statutory provisions of the Election Code, we must remember the longstanding and overriding policy in our Commonwealth to protect the elective franchise. To promote this policy, this Court has consistently held that the provisions of the Election Code must be liberally construed to protect a candidate's right to run for office and the voters' right to elect the candidate of their choice. At the same time, however, we have said that the policy of the liberal reading of the Election Code cannot be distorted to emasculate those requirements necessary to assure the probity of the process.

*In re 2003 Gen. Election for Off. of Prothonotary*, 849 A.2d 230, 237 (Pa. 2004) (internal citations, some brackets, and quotation marks omitted). Our Supreme Court has also observed, however, that the "[p]rovisions of the Election Code relating to the form of nominating petitions and the accompanying affidavits are not mere technicalities, but are necessary measures to prevent fraud and to preserve the integrity of the election process." *In re Beyer*, 115 A.3d 835, 838 (Pa. 2015); *see also In re Shimkus*, 946 A.2d 139, 154 (Pa. Cmwlth. 2008). Nonetheless, "[a] party alleging defects in a nominating petition has the burden of proving such defects, as nomination petitions are presumed to be valid." *Beyer*, 115 A.3d at 838.

---

[6] 42 Pa.C.S. §§ 6201-6208.

5

Section 910 of the Election Code outlines the following requirements for affidavits to be filed by candidates seeking office:

Each candidate for any State, county, city, borough, incorporated town, township, ward, school district, poor district, election district, party office, party delegate or alternate, or for the office of United States Senator or Representative in Congress, shall file with his nomination petition his affidavit stating--(a) his residence, with street and number, if any, and his post-office address; (b) his election district, giving city, borough, town or township; (c) the name of the office for which he consents to be a candidate; (d) that he is eligible for such office; (e) that he will not knowingly violate any provision of this act, or of any law regulating and limiting nomination and election expenses and prohibiting corrupt practices in connection therewith; (f) unless he is a candidate for judge of a court of common pleas, the Philadelphia Municipal Court or for the office of school director in a district where that office is elective or for the office of justice of the peace that he is not a candidate for nomination for the same office of any party other than the one designated in such petition; (g) if he is a candidate for a delegate, or alternate delegate, member of State committee, National committee or party officer, that he is a registered and enrolled member of the designated party; (h) if he is a candidate for delegate or alternate delegate the presidential candidate to whom he is committed or the term "uncommitted"; (i) that he is aware of the provisions of section 1626 of this act requiring pre-election and post-election reporting of campaign contributions and expenditures; and (j) that he is not a candidate for an office which he already holds, the term of which is not set to expire in the same year as the office subject to the affidavit. In cases of petitions for delegate and alternate delegate to National conventions, the candidate's affidavit shall state that his signature to the delegate's statement, as hereinafter set forth, if such statement is signed by said candidate, was affixed to the sheet or sheets of said petition prior to the circulation of

6

same. In the case of a candidate for nomination as President of the United States, it shall not be necessary for such candidate to file the affidavit required in this section to be filed by candidates, but the post-office address of such candidate shall be stated in such nomination petition.

25 P.S. § 2870 (footnotes omitted). Section 910's language contains no requirement that a candidate's affidavit be notarized. Nonetheless, this Court had determined in the past that notarization was required for affidavits related to nomination petitions. *See Bolus v. Saunders*, 833 A.2d 266, 269 (Pa. Cmwlth. 2003) (holding that a failure to sign an affidavit before a notary represents a defect that cannot be characterized as merely "technical").

Then, in 2013, Pennsylvania's General Assembly adopted the Declarations Act, which defines a "sworn declaration" as "[a] declaration in a signed record given under oath." 42 Pa.C.S. § 6202. The definition of sworn declaration continues to explain that "[t]he term includes a sworn statement, verification, certificate and affidavit." *Id.* The Declarations Act likewise defines "unsworn declaration" as "[a] declaration in a signed record not given under oath but given under penalty of perjury." *Id.* When enacted in 2013, the Declarations Act applied only to unsworn declarations made outside the geographic boundaries of the United States. *See former* 42 Pa.C.S. § 6203. However, in April 2020, the General Assembly enacted the Act of April 20, 2020, P.L. 82, No. 15, § 1.3 (Act 15), which amended the Declarations Act to apply to unsworn declarations made either within or outside the geographic boundaries of the United States. *See* 42 Pa.C.S. § 6203.[7]

---

[7] To the extent Act 15 contains a sunset provision relating to the end of the declaration of disaster emergency related to the COVID-19 pandemic, the sunset provision related only to the ability of notaries to notarize documents online during the duration of the declaration of disaster emergency. *See* Act 15, § 5731. This provision did not otherwise affect the validity of Act 15's changes to the text of Section 6202 of the Declarations Act. *See id.*

Regarding the validity and use of unsworn declarations, the Declarations Act states that, "if a law of this Commonwealth requires or permits use of a sworn declaration, an unsworn declaration meeting the requirements of this chapter has the same effect as a sworn declaration." 42 Pa.C.S. § 6204(a). The Declarations Act provides express exceptions to this general rule in the following five cases:

> (1) a deposition;
>
> (2) an oath of office;
>
> (3) an oath or affirmation required to be given before a specified official other than a notary public;
>
> (4) a declaration relating to real property required or authorized to be recorded; and
>
> (5) an oath or affirmation required by 20 Pa.C.S. § 3132.1 (relating to self-proved wills).

42 Pa.C.S. § 6204(b). The Note to Section 6204 of the Declarations Act further explains that,

> [e]xcept as provided in subsection 4(b) of this section, an unsworn declaration meeting the requirements of this act may be used in a state proceeding or transaction whenever other state law authorizes the use of a sworn declaration. Thus, if other state law permits the use of an affidavit, an unsworn declaration meeting the requirements of this act would also suffice. Additionally, if other state law authorizes other substitutes for a sworn declaration, such as an affirmation, then as provided in subsection (a) of this section, an unsworn declaration meeting the requirements of this act could serve as a substitute for an affirmation. Nothing in this act affects the efficacy of sworn

8

declarations. An unsworn declaration is an alternative to a sworn declaration. In perhaps most cases, sworn or notarized declarations may be preferred; unsworn declarations though may be used when necessary or suggested by circumstances.

42 Pa.C.S. § 6204, Note. The Note explains further that "[t]he use of unsworn declarations is not limited to litigation[,]" and that (with the exception of the five enumerated exceptions of subsection 6204(b)), "[u]nsworn declarations would be usable in civil, criminal, and regulatory proceedings and settings." *Id.* Thus, where an unsworn signed declaration is made under penalties of perjury[8] and not subject to one of the enumerated exceptions, under the Declarations Act, such an unsworn declaration has the same effect and is the functional equivalent of a sworn declaration given under oath.

In the instant matter, the Nomination Petition's unnotarized Candidate's Affidavit is supported by the Candidate's Declaration, which contains all the information required by Section 910 of the Election Code, 25 P.S. § 2870, for a valid candidate's affidavit, and is further a signed declaration made under penalty of perjury. As such, the Candidate's Declaration meets the definition of an "unsworn declaration" under the Declarations Act. Further, the Nomination Petition does not fit within any of the five enumerated exceptions for the substitution of an unsworn declaration to have the same effect and is the functional equivalent of a sworn affidavit. *See* 42 Pa.C.S. § 6204(b). Thus, the Candidate's Declaration has the same

---

[8] Section 6206 of the Declarations Act establishes the form of an unsworn declaration and requires that such declaration be made under penalty of perjury. *See* 42 Pa.C.S. § 6206.

9

effect as a sworn affidavit under the Declarations Act, and the Objection Petition must fail.[9]

Additionally, the Court disagrees with Objector's suggestion that Candidate's Nomination Petition should be set aside because Candidate failed to provide a reason other than convenience or preference for why she did not obtain notarization of her Candidate's Affidavit. To the extent the title of the Department-provided candidate's declaration form indicates that it is to be attached to a candidate's affidavit where a notarized statement is not available, the candidate's declaration form contains no indication that a candidate need provide any explanation of why a notary was unavailable or why the candidate filed the candidate declaration in lieu of a notarized candidate affidavit. Likewise, the Declarations Act contains no requirement that a notary be unavailable before an unsworn declaration can have the same effect as a sworn affidavit.

For the above reasons, the Court denies the Objection Petition.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[9] This Court issued a single judge unreported opinion in April 2022 that adopted the reasoning of a trial court opinion that similarly relied on the Declarations Act to conclude that an unsworn affidavit was acceptable as a substitute for a sworn candidate's affidavit. *See In Re: Nomination Petition of Abu V. Edwards* (Pa. Cmwlth., No. 316 C.D. 2022, filed April 11, 2022).

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Nomination Petition of :
Caroline Turner Candidate for :
Judge of Municipal Court, :
First Judicial District of Pennsylvania, :
Democratic Party :
                                       :   No. 138 M.D. 2023
Objection of: Esther Jones :

# O R D E R

AND NOW, this 21st day of March, 2023, the Petition to Set Aside Nominating Petition of Objector Esther Jones is DENIED.

_____
CHRISTINE FIZZANO CANNON, Judge